UNITED STATES DISTRICT COURT

Northern District of California

DIANA BROWN,

        Plaintiff,

  v.

ELIZABETH NAGATA,

        Defendant.
_____/

No. C 08-04350 MEJ

**ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. #9]**

    Pending before the Court is Defendant Elizabeth Nagata's Motion for Summary Judgment (Dkt. #9). Plaintiff Diana Brown has filed an Opposition (Dkt. #11), to which Defendant filed a Reply (Dkt. #12). On September 24, 2009, the Court held a hearing on the Motion. After consideration of the parties' briefs, oral argument, and controlling legal authorities, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

    Plaintiff initiated this action on September 17, 2008, by filing a Complaint against Defendant asserting a claim for negligence and premises liability . (Dkt. #1.) The following facts are undisputed.

    Defendant lived at 833 30th Street, Richmond, California ("the Property") from October 1997 through August 2007. (Dkt. #9-1, Declaration of Elizabeth Nagata ¶5.) On November 11, 2007, Plaintiff was attending an open house at the Property. (Compl. ¶7.) At the time of the open house, Defendant was the owner of the Property. (Nagata Decl. ¶2.) When she was attending the open house, Plaintiff slipped and fell on a wet concrete walkway that was painted just outside of the house on the Property. (Compl. ¶7.) As a result, Plaintiff fractured her right ankle, for which she underwent surgery and required at-home medical care, physical therapy, and was unable to work for

1  approximately two and a half months. (Compl. ¶¶10-14.)

2  In her Complaint, Plaintiff alleges that as the owner of the Property, Defendant had a duty
3  not to create a dangerous condition by painting the concrete walkway, which caused it to become
4  slippery when wet or damp. (Compl. ¶¶17, 19.) Instead, Plaintiff alleges that a reasonable owner
5  would have applied an abrasive to the surface to prevent it from becoming slippery when wet.
6  (Compl. ¶17.) She charges that Defendant therefore breached her legal duty, thereby injuring
7  Plaintiff and causing her to incur other damages, for which she seeks to recover against Defendant.

8  Defendant now moves for summary judgment on Plaintiff's premises liability and negligence
9  claims.

## II. LEGAL STANDARD

11  Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is
12  no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of
13  law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the
14  initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings,
15  depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence
16  of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving
17  party meets this initial burden, the burden then shifts to the non-moving party to present specific
18  facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324;
19  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-movant's
20  bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion
21  for summary judgment. *Anderson*, 477 U.S. at 247-48. The non-moving party has the burden of
22  identifying, with reasonable particularity, the evidence that precludes summary judgment. *Keenan*
23  *v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Thus, it is not the task of the court to scour the record
24  in search of a genuine issue of triable fact. *Id*. If the non-moving party fails to make this showing,
25  "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323. An issue of
26  fact is material if, under the substantive law of the case, resolution of the factual dispute might affect
27  the case's outcome. *See Anderson*, 477 U.S. at 248. Factual disputes are genuine if they "properly

can be resolved in favor of either party." *Id*. at 250.  Accordingly, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor.  *Id*.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (internal citations omitted).

A district court may only consider admissible evidence in ruling on a motion for summary judgment.  Fed. R. Civ. P. 56(e); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002).  Unauthenticated documents and hearsay evidence are inadmissible, and consequently, may not be considered on summary judgment. *Orr*, 285 F.3d at 773-74, 778.

## III. DISCUSSION

Defendant argues that she is entitled to summary judgment on Plaintiff's negligence and premises liability claims because Plaintiff cannot establish that Defendant owed her a duty. Specifically, she contends that Plaintiff cannot show that: (1) the painted walkway presented an unreasonable risk of injury; and (2) Defendant had either actual or constructive notice of any dangerous condition posed by the walkway.  (Mot. at 5.)  Although the Court finds Defendant's second argument dispositive, the Court will address each argument, in turn.

### A.  Admissibility of Defendant's Expert Declaration

As a preliminary matter, the parties dispute whether the Court should exclude the Declaration of Brad M. Wong, an expert Defendant retained to provide a slip and fall analysis of the walkway, because Defendant failed to disclose Mr. Wong or his Declaration/report by the expert disclosure deadline.  The Court's Case Management Order issued on January 5, 2009, directed that, with respect to any person retained to provide expert testimony pursuant to Federal Rule of Evidence 702, the parties were to disclose the name, address, qualification, resume, and a written report complying with Federal Rule of Civil Procedure 26(a)(2)(B) no later than June 29, 2009.  (Dkt. #8 at 2.)  Plaintiff asserts that Defendant never disclosed Mr. Wong as an expert and that his Declaration is dated June 30, 2009, which is after the expert disclosure deadline.  (Opp. at 1.)  In her Reply, Defendant concedes that she did not disclose Mr. Wong - or any other expert - prior to the expert

disclosure deadline. (Dkt. #12 at 1.) She does not offer any argument that the failure to timely disclose Mr. Wong was either justified or harmless. *See Luke v. Emergency Rooms, P.S.*, No. C 04-5759, 2008 WL 410672, at *4 (W.D. Wash. Feb. 12, 2008). Defendant does, however, proffer that, "[i]If the court now disregards the [D]eclaration of Brad Wong because both sides have failed to disclose experts then neither side will have expert testimony for the purposes of this motion, or at trial."[1] (Reply at 1.) Whatever the effect of excluding Mr. Wong's testimony, the fact that the parties apparently did not believe expert evidence was important enough to either retain an expert (as in Plaintiff's case) or to timely disclose their expert's report (as in Defendant's case) is not a sufficient basis to dispense with the Court's discovery deadline. Indeed, if the Court were to consider Defendant's expert evidence, it would render the deadlines in the Court's Case Management Order meaningless. Accordingly, pursuant to the Court's authority under Federal Rule of Civil Procedure 37(c), the Court excludes Mr. Wong's Declaration and attachments.

**B.   Negligence and Premises Liability**

Under California law, in order to establish premises liability on a negligence theory, Plaintiff must prove: (1) duty; (2) breach; (3) causation; and (4) damages. *Baker v. Major League Baseball Properties, Inc.*, No. CV 09-982, 2009 WL 2912491, at *4 (S.D. Cal. Sept. 8, 2009) (citing *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001)). "The proper test to be applied to the liability of the possessor of land is whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others." *Alcaraz v. Vece*, 14 Cal. 4th 1149, 1156 (1997) (quoting *Rowland v. Chritsian*, 69 Cal. 2d 108, 119 (1968)). "This requires persons to maintain land in their possession and control in a reasonably safe condition." *Id.*

   1.   Unreasonable Risk of Injury

Defendant first argues that she did not owe any legal duty to Plaintiff with respect to the walkway because it was not a dangerous condition that presented an unreasonable risk of injury.

---

[1] Relatedly, Plaintiff indicates in her Opposition that, "[t]here has been no discovery in the matter other than the informal disclosure of photographs of the scene. No interrogatories, no depositions." (Opp. at 1.)

4

(Mot. at 5.) It is well-established under California law that the question whether a duty of care exists, the breach of which may constitute negligence, is a question of law. *Delgado v. Am. Multi-Cinema, Inc.*, 72 Cal. App. 4th 1403, 1406 (1999); *Kent. Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal. 4th 814, 819 (1997). As the California Supreme Court explained:

> In the case of a landowner's liability for injuries to persons on the property, the determination of whether a duty exists, "involves the balancing of a number of considerations; the major ones are the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and the consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved."

*Wiener v. Southcoast Childcare Centers, Inc*. 32 Cal. 4th 1138, 1145 (2004) (quoting *Rowland*, 69 Cal. 2d at 112-13. More specific to the facts of this case, California has recognized that "persons who maintain walkways, whether public or private, are not required to maintain them in an absolutely perfect condition." *Ursino v. Big Boy Restaurants*, 192 Cal. App. 3d 394, 398 (1987). Rather, under the trivial defect doctrine, "[t]he duty of care imposed on a property owner, even one with actual notice, does not require the repair of minor defects." *Id*. "Although sometimes referred to as the trivial defect defense, the trivial defect doctrine is 'not an affirmative defense but rather an aspect of duty [] plaintiff must plead and prove.'" *Kasparian v. AvalonBay Communities*, 156 Cal. App. 4th 11, 27 (2007) (quoting *Ursino*, 192 Cal. App. 3d at 398.) Now applicable to actions against private landowners, the trivial defect doctrine initially was developed to protect public entities from liability where conditions on public property create a risk "of such a minor, trivial or insignificant nature in view of the surrounding circumstances . . . no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used." *Id*. (quoting Cal. Govt. Code § 830.2); *see also Ursino*, 192 Cal. App. 3d at 398. The doctrine thus "permits a court to determine 'triviality' as a matter of law rather than always submitting the issue to a jury [and] provides a check valve for the elimination from the court system

5

of unwarranted litigation which attempts to impose upon a property owner what amounts to absolute liability for injury to persons who come upon the property." *Ursino*, 192 Cal. App. 3d at 399.

Here, Defendant urges the Court to hold that the sidewalk on her property did not pose a dangerous condition when wet. Notably, while the Court's ultimate determination under the trivial defect doctrine is legal in nature, the analysis it must engage in is fact-driven. *See e.g., Kasparian*, 156 Cal. App. 4th at 27-29. In other words, before the Court can conclude that a condition is trivial, it must be able to thoroughly analyze the condition and the risk it presents. In this case, because the Court excluded Defendant's expert evidence, the only remaining evidence Defendant can rely on are: (1) the statements in her Declaration that there were no prior occurrences of people slipping on the walkway; and (2) a photo of the walkway where Plaintiff slipped and fell. As to Defendant's statements, Defendant has not cited any evidence indicating that the lack of prior accidents is sufficient to support a finding that a condition presented only a trivial defect. With respect to the photo of the sidewalk, there is nothing evident from the photo alone that could support a finding that the paint did not create a dangerous condition.[2] In fact, aside from Defendant's statement in her Declaration authenticating the photo, there is no additional explanation provided as to what the photo depicts. Notably, the record is devoid of evidence such as the size of the walkway, the type of material it was composed of, its depth, whether it is common practice to paint concrete sidewalks, the type of paint used to cover it, when the paint was applied, the condition of the paint, whether the paint acted as a water sealant, whether the painted surface was slip resistant when wet, the gradient of the walkway and surrounding land, or the amount of water that could have collected on the

---

[2] While a photo may have been sufficient to allow the courts in *Ursino* and *Davis* to determine whether a defect was trivial, this case is distinguishable in that the risk presented by the condition is not something that can be gauged visually. *See Ursino*, 192 Cal. App. 3d at 397-98; *Davis v. City of Pasadena*, 42 Cal. App. 4th 701, 702-03 (1996). Merely looking at a photo of the sidewalk, therefore, provides little, if any, information about the risk the painted surface posed when wet. By contrast, in *Davis*, the court was faced with the question whether "steps converging at a right angle with a handrail along the line of convergence create a substantial risk of injury and hence constitute a dangerous condition of public property." *Davis*, 42 Cal. App. 4th at 703. Because the *design* of the stairs was at issue, the court was able to look at photos of the stairwell to make its determination.

walkway on the day of the accident. While this list is not exhaustive, it serves to illustrate the type of information and evidence that is necessary for the Court to determine whether the painted walkway posed a trivial dangerous condition as a matter of law. The single photo and Defendant's statements are not enough, in this case, to support such a finding. Consequently, the Court rejects Defendant's argument that she did not owe a duty to Plaintiff because the painted sidewalk presented only a minor or trivial risk when wet.[3]

**C.    Defendant's Notice**

Defendant next argues that, even if the walkway presented a dangerous condition, Plaintiff cannot establish that Defendant had notice that the condition existed at the time Plaintiff fell. (Mot. at 8.) As Defendant points out, it is well-established that "[b]ecause [a landowner] is not the insurer of the visitor's personal safety, the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability." *Ortega*, 26 Cal. 4th 1200, 1206 (2001) (internal citation omitted). Accordingly, "[a]lthough the owner's lack of knowledge is not a defense, to impose liability for injuries suffered by an invitee due to [a] defective condition of the premises, the owner or occupier must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises[.]" *Id*. (internal citations and quotations omitted). With respect to constructive knowledge, the *Ortega* court explained:

> The plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence. Knowledge may be shown by circumstantial evidence "which is nothing more than one or more inferences which may be said to arise reasonably from a series of proven facts." [*Hatfield v. Levy Bros.*, 18 Cal. 2d. 798, 805 (1941).] Whether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do not impose exact time limitations. Each accident must be viewed in light of its own unique circumstances. [*Louie v. Hagstrom's Food*

---

[3] This determination should not in any way be construed as a finding that the painted sidewalk presented a dangerous condition. Rather, the Court's determination is restricted to a finding that Defendant has failed to present sufficient evidence to support her argument that she is entitled to the trivial risk defense.

7

> *Stores*, 81 Cal. App. 2d 601, 608 (1947).] The owner must inspect the premises or take other proper action to ascertain their condition, and if, by the exercise of reasonable care, the owner would have discovered the condition, he is liable for failing to correct it. [*Id*. at 606.]

*Id.* at 1206-07.

In her Motion, Defendant argues that Plaintiff cannot show that she had either actual or constructive notice that there was any unreasonable danger presented by the painted sidewalk when wet. In support, Defendant proffers that she lived at the Property from October 1997 through August 2007. (Nagata Decl. ¶5.) She states that, during the time she lived at the Property, she never experienced any problems with the slipperiness of the walkway. (Nagata Decl. ¶5.) She states that no one ever complained that the walkway was too slippery and she never witnessed anyone slip on the walkway. (Nagata Decl. ¶5.) She also avers that she does not know of any incidents at or near the walkway, except the one involving Plaintiff. (Nagata Decl. ¶5.) Defendant thus contends that Plaintiff cannot establish that she had either actual or constructive notice that the walkway was unreasonably dangerous.

In her Opposition, Plaintiff fails to present any argument in response. Thus, the question is whether Defendant is entitled to summary judgment because she has shown by undisputed evidence that Plaintiff cannot meet her burden of establishing actual or constructive knowledge. Reviewing the evidence detailed above, Defendant has shown that it is undisputed that she did not have actual knowledge that the painted sidewalk presented an unreasonable risk when wet. Further, Plaintiff has not responded to Defendant's challenge with any evidence demonstrating that the condition was present for a sufficient amount of time such that Defendant, exercising reasonable care, would have discovered it. Having failed to present such evidence, Plaintiff has not shown that there is any triable issue regarding Defendant's constructive knowledge. *See Moore v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 472, 477 (2003) (Noting that the plaintiff bears the burden of producing evidence and of proving that the owner had constructive knowledge of a hazardous condition). Because Plaintiff has failed to raise any genuine dispute as to the issue of Defendant's knowledge, she cannot establish that Defendant had a duty to protect her from or remedy the sidewalk. Defendant is therefore entitled to summary judgment on Plaintiff's negligence and premises liability claims on

8

this basis.

### IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Summary Judgment (Dkt. #9).

**IT IS SO ORDERED.**

Dated: December 29, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge